ORDER DENYING PETITION TO REHEAR
On April 30, 2014, this Court issued its opinion vacating the trial court’s decision and remanding for further proceedings. On May 9, 2014, Appellee Hannah Ann Culbertson (“Mother”) filed a petition to rehear, alleging that a rehearing is warranted because this Court misapprehended material facts, overlooked critical findings of the trial court, exceeded its authority in ordering unsupervised parenting time for Randal Eric Culbertson (“Father”), erred in concluding that Father has not placed his mental health at issue, and erred in removing the trial judge from the case. This Court has duly considered Mother’s arguments, and we respectfully deny the petition to rehear. However, we find it prudent to clarify two points.
First, in her petition to rehear, Mother asks this Court to “remove the requirement that Father be automatically granted unsupervised parenting.” Mother’s argument refers to our instruction on remand, directing the trial court to “conduct a hearing on Father’s request for a temporary parenting plan that grants him unsupervised parenting time with the parties’ children.” Mother misapprehends this Court’s instruction; it does not pre-ordain the outcome of the hearing or require the trial court to grant Father unsupervised parenting time. The instruction on remand only directs the trial court to promptly conduct a hearing for the purpose of considering the issue, including consideration of any evidence the trial court deems appropriate. Thus, Mother’s argument is based on an erroneous premise.
Second, in the context of Mother’s argument that Father waived his psychologist- *160 client privilege through his testimony, Mother asserts that the treating psychologist’s opinions, observations, diagnosis, and treatment alternatives are confidential materials under the Health Insurance Portability and Accountability Act of 1996 (“HI-PAA”). Our opinion in this case does not explore the parameters of confidentiality under HIPAA, as the issues raised on appeal and the circumstances of the case do not require us to do so. In her petition to rehear, Mother continues to argue that Father’s testimony placed his mental health at issue; our opinion rejects this contention and Mother’s petition to rehear contains nothing that compels reconsideration of this holding.
With these clarifications, and after consideration of Mother’s arguments, the petition for rehearing is DENIED. It is SO ORDERED.